IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| CHRIS GRINDLING, | Civ. No. 18-00495 JMS-RT |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT DEAN ISHIHARA'S MOTION TO DISMISS COMPLAINT, ECF NO. 21 |
| vs. | |
| STATE OF HAWAII; DEBRA TAYLOR; DEAN ISHIHARA; COUNTY OF MAUI, | |
| Defendants. | |

## ORDER DENYING DEFENDANT DEAN ISHIHARA'S MOTION TO DISMISS COMPLAINT, ECF NO. 21

### I. INTRODUCTION

Pro se Plaintiff Chris Grindling ("Plaintiff") filed a First Amended Complaint ("FAC") against Defendants Maui Community Correctional Center ("MCCC") Warden Debra Taylor ("Taylor") and Maui Drug Court Administrator Dean Ishihara ("Ishihara") (collectively, "Defendants"),[1] alleging claims pursuant

---

[1] The FAC names Defendants in their official and individual capacities. Taylor, as warden of MCCC under the State of Hawaii Department of Public Safety, and Ishihara, as administrator of the Maui/Molokai Drug Court under the Hawaii State Judiciary, are both State employees. *See* http://dps.hawaii.gov/about/divisions/corrections/ (last visited November 20, 2019); http://www.courts.state.hi.us/general_information/contact/maui (last visited November 20, 2019).

to 42 U.S.C. § 1983 for violation of Plaintiff's constitutional rights to free speech and freedom of association. ECF No. 10.

Before the court is Ishihara's Motion to Dismiss the FAC.[2] ECF No. 21. For the reasons set forth below, the Motion is DENIED without prejudice.

## II. BACKGROUND

**A.    Factual Background**

On December 20, 2018, Plaintiff filed his initial Complaint and an Application to proceed in forma pauperis ("IFP Application"). ECF Nos. 1-2.[3] On February 1, 2019, this court granted the IFP Application and dismissed the Complaint for failure to state a claim ("February 1 Order"). ECF No. 8. The February 1 Order dismissed Plaintiff's § 1983 claims for damages against Defendants in their official capacities without leave to amend, and dismissed Plaintiff's § 1983 claims for injunctive relief against Defendants in their official capacities and § 1983 claims for damages against Defendants in their individual capacities with leave to amend. *Id.* at PageID #23.

---

[2] Ishihara's Motion seeks dismissal of the Complaint, but addresses allegations set forth in the FAC. *See, e.g.*, ECF No. 21-1 at PageID #64-65 (quoting allegations in the FAC, but improperly citing to the Complaint). Thus, the court construes the Motion as seeking dismissal of the FAC.

[3] On December 28, 2018, Plaintiff filed a second IFP Application, ECF No. 5, which the court considered together with the December 20, 2018 filing, ECF No. 2, as one IFP Application.

On March 1, 2019, Plaintiff filed his FAC reasserting all dismissed claims. ECF No. 10. As alleged in the FAC, Defendants refuse to lift a ban that prevents Plaintiff, a former MCCC prisoner, from communicating with and visiting friends and family currently incarcerated at MCCC and/or who are under the supervision of the Maui Drug Court. ECF No. 10. More specifically, the FAC alleges that

> since [Plaintiff's] release from MCCC in July 2016 [he has] been unable to have phone calls visits or letters from all inmates specifically girlfriends Shaye Pacheco Saffery Kristy Tanaka Mahina Saltiban numerous family members are friends [his] GTE phone payments were barred from use [he] lost that money paid to use phone Debra Taylor said she is [too] busy to deal with this minor issue Dean Ishihara said reiterated that [it's] his inferiors are responsible not him refused to correct the inferiors[.]

*Id.* at PageID #29. The FAC further alleges that "Plaintiff contacted both Defendants [and] informed them about the violation [but] they decided to not act on [his] issues." *Id*. As a result, Plaintiff was "denied contact with dozens of family friends and girlfriends which resulted in the breakup of [his] relations with [his] girlfriends." *Id.* at PageID #30. Plaintiff seeks an injunction "remov[ing the] blanket ban on inmates and Drug Court clients" and damages of $7.5 million. *Id*.

On March 25, 2019, this court again dismissed without leave to amend Plaintiff's damages claims against Defendants in their official capacities

3

(the "March 25 Order"). ECF No. 11 at PageID #39. The March 25 Order allowed Plaintiff's claims for injunctive relief against Defendants in their official capacities and claims for damages against Defendants in their individual capacities to proceed and directed service of the FAC. *Id.* at PageID #39-40.

**B.      Procedural Background**

On August 7, 2019, Ishihara filed the instant Motion to Dismiss, contending that Plaintiff's claims are barred by Eleventh Amendment immunity and the doctrine of quasi-judicial immunity. *See* ECF No. 21 at PageID #63. On August 15, 2019, Plaintiff filed a Response. ECF No. 23. Ishihara did not file a Reply.

Pursuant to Local Rule 7.1(c), the court finds this matter suitable for disposition without a hearing.

### III.  STANDARDS OF REVIEW

**A.      Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction. "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack asserts that the complaint's allegations "are insufficient on their face to invoke federal jurisdiction." *Id.* In a

4

facial attack, the court's inquiry is limited to factual allegations in the complaint and exhibits attached to the complaint. *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 n.4 (9th Cir. 2014) (citation omitted); *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). Such allegations are taken by the court as true and construed in the light most favorable to the nonmoving party. *Courthouse News Serv.*, 750 F.3d at 780 & n.4.

Alternatively, in a factual attack, the movant "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. When resolving a factual attack on the court's jurisdiction, the court may review affidavits or any other evidence beyond the complaint to contest the truth of the complaint's allegations and determine whether jurisdiction exists without converting the motion to dismiss into a motion for summary judgment. *Courthouse News Serv.*, 750 F.3d at 780 (quoting *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)); *Safe Air for Everyone*, 373 F.3d at 1039; *Savage*, 343 F.3d at 1039 n.2.

**B.     Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted." Dismissal is appropriate where the complaint lacks a cognizable legal theory or if its factual

allegations do not support a cognizable legal theory.  *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Detailed factual allegations are not required, but conclusory statements, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," and factual allegations that only permit the court to infer "the mere possibility of misconduct" fall short of meeting the plausibility standard.  *Iqbal*, 556 U.S. at 678-79; *see also Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

When considering a Rule 12(b)(6) motion to dismiss, the court may "take judicial notice of 'matters of public record,' but not of facts that may be 'subject to reasonable dispute."  *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (quoting *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir.

2001)); *see also United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003) (recognizing that when considering matters of judicial notice a court need not convert a Rule 12(b)(6) motion to a Rule 56 motion for summary judgment) (citations omitted).

**C.     Pro Se Pleadings**

Because Plaintiff is proceeding pro se, the court liberally construes his Complaint and resolves all doubts in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears that Plaintiff can correct the defects in his Complaint, *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000), but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013); *see also Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (reiterating that a district court may deny leave to amend for, among other reasons, "repeated failure to cure deficiencies by amendments previously allowed . . . [and] futility of amendment") (citation omitted).

## IV.  DISCUSSION

Ishihara seeks dismissal with prejudice, contending that Plaintiff's claims against him in his official capacity for damages and injunctive relief are

7

barred by the Eleventh Amendment and that Plaintiff's claims against him in his individual capacity are barred by quasi-judicial immunity. The court addresses these points in turn.

## A. Eleventh Amendment Immunity

### 1. *Legal Standard*

An Eleventh Amendment sovereign immunity defense is "quasi-jurisdictional" in nature and may be raised in either a Rule 12(b)(1) or 12(b)(6) motion. *Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 927 & n.2 (9th Cir. 2017) (citations omitted). Absent a waiver by the state or a valid congressional override, "[t]he Eleventh Amendment bars suits [in federal court] which seek either damages or injunctive relief against a state . . . or its agencies." *Fireman's Fund Ins. Co. v. City of Lodi, California*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation marks and citation omitted); *see Koala v. Khosla*, 931 F.3d 887, 894 (9th Cir. 2019) (citing *Seminole Tribe of Fl. v. Florida*, 517 U.S. 44, 54 (1996)).

The Eleventh Amendment, however, does not bar suits that seek prospective injunctive relief from ongoing violations of federal law against state officers in their official capacities. *Koala*, 931 F.3d at 894-95 (citing *Ex parte Young*, 209 U.S. 123 (1908) and *Va. Office of Prot. & Advocacy v. Stewart*, 563

U.S. 247, 254-55 (2011)); *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) ("[O]fficial-capacity actions for prospective [injunctive] relief are not treated as actions against the State."). When determining whether the *Ex parte Young* exception to Eleventh Amendment immunity applies, courts "need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Stewart*, 563 U.S. at 255 (citations and internal quotation marks omitted, alteration in original); *Koala*, 931 F.3d at 895 (citations omitted). Such inquiry "does not include an analysis of the merits of the claim." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 646 (2002). That is, "the relevant inquiry is only whether [the plaintiff] has *alleged* an ongoing violation of federal law and seeks prospective relief," not whether the claim is meritorious. *Burlington N. & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1092 (9th Cir. 2007).

### 2. *Application of Legal Standard*

Plaintiff seeks an injunction "remov[ing the] blanket ban" that allegedly violates his constitutional rights to free speech and freedom of association by preventing him from contacting family and friends who are inmates at MCCC and/or Drug Court participants. ECF No. 10 at PageID #28-30. Ishihara argues that the requested relief "is retrospective in nature because it would require

9

a determination that a 'blanket ban' had been imposed and that the ban constituted a constitutional violation." ECF No. 21-1 at PageID #68. To support his argument, Ishihara relies on the following distinction between retrospective and prospective declaratory judgment actions:

> While a declaratory judgment is generally prospective relief, in some situations it has been recognized as retrospective. *F.E.R. v. Valdez*, 58 F.3d 1530, 1533 (10th Cir. 1995). In *F.E.R.*, this Court found that the plaintiffs' claim for an injunction was mooted by a return of property, but their claim for declaratory relief was not moot because it was "similar to their claim for damages" and required the court "to determine whether a past constitutional violation occurred." *Id.* Thus, we consider declaratory relief retrospective to the extent that it is intertwined with a claim for monetary damages that requires us to declare whether a past constitutional violation occurred. In such a situation, however, declaratory relief is "superfluous in light of the damages claim." *Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997).

*Nat'l Audubon Soc., Inc. v. Davis*, 307 F.3d 835, 848 n.5 (9th Cir. 2002), *opinion amended on denial of reh'g*, 312 F.3d 416 (9th Cir. 2002) (quoting *People for the Ethical Treatment of Animals v. Rasmussen*, 298 F.3d 1198, 1202 n.2 (10th Cir. 2002)).

Ishihara's reliance on *Rasmussen* is misplaced; Plaintiff is not seeking injunctive relief that is essentially duplicative of a claim for damages. Further, the Supreme Court has explained that "the question of whether relief is prospective or

retrospective is to be determined by reference to the purpose of the intended remedy." *Bennett v. Tucker*, 827 F.2d 63, 71 (7th Cir. 1987) (citing *Edelman v. Jordan*, 415 U.S. 651, 668 (1974)). That is:

> If the purpose of the remedy is to force the state to pay money to compensate the plaintiff for the state's prior actions, the remedy is retrospective, and is proscribed even if the remedy is cast in the form of an injunction governing future conduct. In contrast, if the purpose of the remedy is to force the state officer to conform his or her future conduct to the dictates of federal law, then the remedy is prospective, and is permissible even if it has significant financial consequences to the state.

*Id.* (citing *Edelman*, 415 U.S. at 668). *Bennett* determined that because the plaintiffs sought an injunction "requiring the defendant to cease her ongoing violation of their federal constitutional right," the requested injunction was "clearly 'prospective' as the Supreme Court has used that term." *Id. Cf. Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007) (determining in employment discrimination context that "reinstatement constitutes prospective injunctive relief because [an alleged] wrongful discharge is a continuing violation").

Here, Plaintiff's requested injunction seeks only to cease Defendants' continued enforcement of an alleged ban that allegedly violates his constitutional rights by preventing him from contacting friends and family who are inmates at MCCC and/or under supervision of the Maui Drug Court. The requested

11

injunction is prospective in nature as defined by the Supreme Court. *See Edelman*, 415 U.S. at 668; *Flint*, 488 F.3d at 825; *Bennett*, 827 F.2d at 71. And at this stage, for the *Ex parte Young* exception to apply, Plaintiff need not prove that his claim for the requested injunction is meritorious—that is, that the alleged blanket ban in fact exists and that it in fact violates his constitutional rights. *See Verizon Md., Inc.*, 535 U.S. at 646; *Vaughn*, 509 F.3d at 1092. In short, the FAC's allegations are sufficient to invoke the *Ex parte Young* exception to Eleventh Amendment immunity as to Plaintiff's claim for prospective injunctive relief against Defendants in their official capacities. Ishihara's Motion to Dismiss Plaintiff's claim for injunctive relief against him in his official capacity is DENIED.

Further, this court previously determined that Eleventh Amendment immunity bars Plaintiff's § 1983 damages claims against Defendants in their official capacities and dismissed such claims with prejudice. *See* ECF No. 8 at PageID #18; ECF No. 11 at PageID #35-36. Thus, to the extent Ishihara seeks dismissal of Plaintiff's damages claim against him in his official capacity, the Motion is DENIED as moot.

///

///

///

**B.     Quasi-Judicial Immunity**

   *1.     Legal Standard*

The doctrine of quasi-judicial immunity extends absolute judicial immunity "to certain others who perform functions closely associated with the judicial process." *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (internal quotation marks omitted). Generally, "[w]hen judicial immunity is extended to officials other than judges, it is because their judgments are 'functional[ly] comparab[le]' to those of judges." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 423 n.20 (1976)). Thus, when determining whether quasi-judicial immunity applies, courts "look[] to 'the nature of the function performed and not to the identity of the actor performing it.'" *Burton v. Infinity Capital Mgmt.*, 862 F.3d 740, 747 (9th Cir. 2014) (quoting *In re Castillo*, 297 F.3d 940, 948 (9th Cir. 2002)). For quasi-judicial immunity to apply to a nonjudicial officer, the function performed "must be a judicial act with a sufficiently close nexus to the adjudicative process," and involve "the exercise of discretionary judgment." *Id.* "[T]he touchstone for the doctrine's applicability has been performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights." *Antoine*, 508 U.S. at 435-36 (internal citation omitted).

Thus, when performing "duties that are an integral part of the judicial process," court clerks are entitled to absolute quasi-judicial immunity. *Coulter v. Roddy*, 463 F. App'x 610, 611 (9th Cir. 2011) (citing *Mullis v. U.S. Bankr. Court for the Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987)); *see In re Castillo*, 297 F.3d at 952 (quasi-judicial immunity extends to "court clerks and other non-judicial officers for purely administrative acts . . . [that] are actually part of the judicial function"). And court bailiffs are entitled quasi-judicial immunity from § 1983 claims arising from the execution of valid court orders. *Coverdell v. Dep't of Soc. & Health Serv.*, 834 F.2d 764-65 (9th Cir. 1987).

But, as the Ninth Circuit recently recognized, determining whether the affirmative defense of quasi-judicial immunity applies to a nonjudicial defendant is rarely possible "without resort to any additional information outside the four corners of the complaint." *Harris v. Harris*, 935 F.3d 670, 676 (9th Cir. 2019); *see also Yellen v. Hara*, 2015 WL 8664200, at *15 (D. Haw. Dec. 10, 2015) (declining to determine applicability of quasi-judicial immunity on motion to dismiss where record lacked requisite additional information for such analysis). And "[t]he burden is on the official claiming absolute [quasi-judicial] immunity to identify the . . . function that the official asserts is shielded by [such] immunity." *Yellen*,

2015 WL 8664200, at *16 (D. Haw. Dec. 10, 2015) (quoting *Miller v. Gammie*, 335 F.3d 889, 897 (9th Cir. 2003) (en banc)).

### 2. *Application of Legal Standard*

Here, Ishihara contends that quasi-judicial immunity applies to actions he took as administrator of the Maui Drug Court. But he neither provides any information about the functions performed as administrator of the Maui Drug Court nor explains how the court can determine whether quasi-judicial immunity applies without resort to such information. The record is insufficient for the court to analyze the issue of quasi-judicial immunity as to Ishihara. And, although viewed liberally, Plaintiff's claim against Ishihara asserted in the FAC was just sufficient to survive the court's initial screening, it is not at all clear exactly what function(s) Ishihara allegedly performed (or omitted to perform) as administrator of the Maui Drug Court in connection with such claim. In short, the court finds that determining whether quasi-judicial immunity applies to Ishihara is more appropriate for determination on a motion for summary judgment.

///

///

///

///

Thus, the Motion to Dismiss Plaintiff's claim against Ishihara in his individual capacity is DENIED without prejudice to being reasserted, along with more complete briefing, in a motion for summary judgment.[4]

## V. CONCLUSION

Based on the foregoing, Ishihara's Motion to Dismiss is DENIED without prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 22, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Grindling v. Taylor, et al.*, Civ. No. 18-00495 JMS-RT, Order Denying Defendant Dean Ishihara's Motion to Dismiss Complaint, ECF No. 21

---

[4] Ishihara also seeks dismissal for failure to state a claim arguing that Plaintiff "may be confused about the facts." ECF No. 21-1 at PageID #66 n.1. Ishihara asks the court to take judicial notice of a State of Hawaii Circuit Court of the Second Circuit order, dated October 29, 2018, "prohibiting Mahina Saltiban-Lani from contacting [Plaintiff] and Kristi Tanaka." *Id.*; Ex. "A," ECF No. 21-3. The existence of such order does not necessarily negate Plaintiff's allegations set forth in the FAC. Thus, the court declines to take judicial notice at this time and declines to construe the instant Motion to Dismiss as a motion for summary judgment.