IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRIS GRINDLING,<br><br>            Plaintiff,<br><br>    vs.<br><br>DEBRA TAYLOR; DEAN ISHIHARA,<br><br>            Defendants. | CIV. NO. 18-00495 JMS-RT<br><br>ORDER GRANTING DEFENDANT DEAN ISHIHARA'S MOTION FOR SUMMARY JUDGMENT, ECF NO. 37 |

## ORDER GRANTING DEFENDANT DEAN ISHIHARA'S MOTION FOR SUMMARY JUDGMENT, ECF NO. 37

### I. INTRODUCTION

Pro se Plaintiff Chris Grindling ("Plaintiff") filed a First Amended Complaint ("FAC") against Defendants Maui Community Correctional Center ("MCCC") Warden Debra Taylor ("Taylor") and Maui Drug Court Administrator Dean Ishihara ("Ishihara") (collectively, "Defendants"), alleging claims pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's constitutional rights to free speech and freedom of association. ECF No. 10.

///

///

///

Before the court is Ishihara's Motion for Summary Judgment on Plaintiff's claim for damages against Ishihara in his individual capacity.[1] ECF No. 37. For the reasons set forth below, the Motion is GRANTED.

## II. BACKGROUND

**A.     Factual Background**

This action arises from Plaintiff's allegation that Defendants prevented him, a former MCCC prisoner, from communicating with and visiting friends and family currently incarcerated at MCCC and/or who are under the supervision of the Maui Drug Court. *See* FAC, ECF No. 10. More specifically, the FAC alleges that

> since [Plaintiff's] release from MCCC in July 2016 [he has] been unable to have phone calls visits or letters from all inmates specifically girlfriends Shaye Pacheco Saffery Kristy Tanaka Mahina Saltiban numerous family members and friends [his] GT phone payments were barred from use [he] lost that money paid to use phone Debra Taylor said she is [too] busy to deal with this minor issue Dean Ishihara said reiterated that [it's] his inferiors are responsible not him refused to correct the inferiors[.]

---

[1] On March 25, 2019, the court dismissed with prejudice Plaintiff's damages claims against Defendants in their official capacities. *See* ECF No. 11 at PageID #39-40. And on February 14, 2020, the court approved a stipulation by the parties to dismiss Plaintiff's claims for injunctive relief. *See* ECF No. 43. Thus, only Plaintiff's claims for damages against Defendants in their individual capacities remain.

*Id.* at PageID #29. The FAC further alleges that "Plaintiff contacted both Defendants [and] informed them about the violation [but] they decided to not act on [his] issues." *Id.* Plaintiff alleges that as a result of Defendants' actions, he was "denied contact with dozens of family friends and girlfriends which resulted in the breakup of [his] relations with [his] girlfriends." *Id.* at PageID #30. Plaintiff seeks damages of $7.5 million. *Id.*

The following facts are uncontroverted.[2] The Maui/Molokai Drug Court ("MMDC") is an alternative to incarceration program of which Ishihara has been Administrator since 2014. Ishihara's Concise Statement of Facts ("CSF")

---

[2] In opposing the instant motion, Plaintiff failed to comply with the Federal Rules of Civil Procedure and the Local Rules of Practice for the United States District Court for the District of Hawaii ("LR"). That is, Plaintiff failed to submit a concise statement disputing Ishihara's concise statement of facts and/or asserting additional facts supported by admissible evidence. *See* ECF No. 39; LR56.1(e). On January 16, 2020, this court mailed to Plaintiff at the address he provided—49 Meli Place, Kahului, HI 96732, *see* ECF No. 1-1—a Notice to Pro Se Litigants explaining these requirements. *See* ECF No. 38. No mailing was returned as undeliverable. Further, as a long time pro se litigant in federal court, Plaintiff is well aware of summary judgment standards and process. *See e.g.*, *Grindling v. Thomas*, 475 F. App'x 172 (9th Cir. 2012) (finding that the "district court properly granted summary judgment on Grindling's . . . claim because Grindling failed to raise a genuine dispute of material fact"); *Grindling v. Thomas*, 446 F. App'x 907, 908 (9th Cir. 2011) (same); G*rindling v. Loo*, 2006 WL 3191237, at *1 (D. Haw. Oct. 31, 2006). Thus, Plaintiff was well aware of the requirements to oppose the instant motion for summary judgment.

To the extent Plaintiff failed to address Ishihara's assertion of facts with admissible evidence, the court considers those facts to be undisputed for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); *see also* LR56.1(g) ("For purposes of a motion for summary judgment, material facts set forth in the movant's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party.").

¶¶ 1-3, ECF No. 36 at PageID #126; *see* Ishihara Decl. ¶¶ 1, 3-5, ECF No. 36-1 at PageID #128-29; *see also* Haw. Rev. Stat. § 706-605.1 (requiring the state judiciary to implement drug courts as an "alternative to incarceration"). In that capacity, Ishihara works with State of Hawaii Judiciary administrative and operations personnel, substance abuse experts, probations officers, and service providers to determine the treatment needs and resource requirements for MMDC participants. CSF ¶ 4, ECF No. 36 at PageID #126; *see* Ishihara Decl. ¶ 6, ECF No. 36-1 at PageID #129. In addition, Ishihara reviews the work of court officers—who in turn work with MMDC participants and make recommendations to the MMDC judge regarding court-ordered incentives and sanctions—to ensure that the court officers' recommendations are consistent with Judiciary and court policies, and with the therapeutic goals for the participants. CSF ¶ 6-7, ECF No. 36 at PageID #126-27; *see also* Ishihara Decl. ¶¶ 10-11, ECF No. 36-1 at PageID #130. Based on such recommendations, the MMDC judge may impose restrictions on participants' contact with specific individuals. CSF ¶ 8, ECF No. 36 at PageID #127; *see also* Ishihara Decl. ¶¶ 10-11, ECF No. 36-1 at PageID #130.

Ishihara has no supervisory authority over MCCC Warden Taylor. CSF ¶ 9, ECF No. 36 at PageID #127; *see* Ishihara Decl. ¶¶ 13-14, ECF No. 36-1 at PageID #131.

## B. Procedural Background

On January 16, 2020, Ishihara filed the instant Motion for Summary Judgment, contending that Plaintiff's damages claim against him in his individual capacity is barred by the doctrine of quasi-judicial immunity. *See* ECF No. 37-1 at PageID #135. On January 24, 2020, Plaintiff filed a Response. ECF No. 39. On February 14, 2020, the parties stipulated to the dismissal of Plaintiff's claim for injunctive relief. ECF No. 43. On March 3, 2020, Ishihara filed a Reply. ECF No. 45. And on March 17, 2020, due to the temporary restriction of access to the courthouse because of the COVID-19 pandemic and pursuant to Local Rule 7.1(c), the court determined that this matter is suitable for disposition on the briefs and vacated the hearing. ECF No. 46.

## III. STANDARD OF REVIEW

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Federal Rule of Civil Procedure ("FRCP") 56(a) mandates summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S.

317, 322 (1986); *see also Broussard v. Univ. of Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999).

"A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (*citing Celotex*, 477 U.S. at 323). "When the moving party has carried its burden under Rule 56[(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87 (1986) (citation and internal quotation signals omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (stating that a party cannot "rest upon the mere allegations or denials of his pleading" in opposing summary judgment).

"An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law." *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (*citing Anderson*, 477 U.S. at 248). When considering the evidence on a motion for summary judgment, the

6

court must draw all reasonable inferences on behalf of the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *see also Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121, 1126 (9th Cir. 2008) (stating that "the evidence of [the nonmovant] is to be believed, and all justifiable inferences are to be drawn in his favor." (citations omitted)).

Because Plaintiff is proceeding pro se, the court liberally construes his filings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

## IV. **DISCUSSION**

Ishihara contends that quasi-judicial immunity applies to actions he took as MMDC administrator; specifically, in connection with recommendations submitted to the MMDC judge to restrict certain participants from contacting specific individuals. The court agrees.

**A.     Quasi-Judicial Immunity Legal Standard**

The doctrine of quasi-judicial immunity extends absolute judicial immunity "to certain others who perform functions closely associated with the judicial process." *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (internal quotation marks omitted). Generally, "[w]hen judicial immunity is extended to officials other than judges, it is because their judgments are 'functional[ly] comparab[le]' to those of judges." *Antoine v. Byers & Anderson,*

*Inc.*, 508 U.S. 429, 436 (1993) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 423 n.20 (1976)). Thus, when determining whether quasi-judicial immunity applies, courts "look[] to 'the nature of the function performed and not to the identity of the actor performing it.'" *Burton v. Infinity Capital Mgmt.*, 862 F.3d 740, 747 (9th Cir. 2014) (quoting *In re Castillo*, 297 F.3d 940, 948 (9th Cir. 2002)), *amended and superseded on denial of reh'g on unrelated grounds by Burton v. Infinity Capital Mgmt.*, 862 F.3d 740 (9th Cir. 2017). For quasi-judicial immunity to apply to a nonjudicial officer, the function performed "must be a judicial act with a sufficiently close nexus to the adjudicative process," and involve "the exercise of discretionary judgment." *Id.* "[T]he touchstone for the doctrine's applicability has been performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights." *Antoine*, 508 U.S. at 435-36 (internal citation omitted).

Thus, when performing "duties that are an integral part of the judicial process," court administrators are entitled to absolute quasi-judicial immunity. *Coulter v. Roddy*, 463 F. App'x 610, 611 (9th Cir. 2011) (citing *Mullis v. U.S. Bankr. Court for the Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987)); *see In re Castillo*, 297 F.3d at 952 (quasi-judicial immunity extends to "court clerks and other non-judicial officers for purely administrative acts . . . [that] are actually part

of the judicial function"); *Carlisle v. Normand*, 2017 WL 2256789, at *7 (E.D. La. May 23, 2017) (finding that quasi-judicial immunity applies to drug court administrators for their actions related to imposition of sanctions on drug court participants); *Thorne v. Hale*, 2009 WL 3733344, at *6 n.1 (E.D. Va. Oct. 29, 2009) (holding that judicial immunity applies to drug court administrator who acted pursuant to judicial order or under court's direction), *aff'd*, 370 F. App'x 437 (4th Cir. 2010).

"'The burden is on the official claiming absolute [quasi-judicial] immunity to identify the . . . function that the official asserts is shielded by [such] immunity.'" *Yellen v. Hara*, 2015 WL 8664200, at *16 (D. Haw. Dec. 10, 2015) (quoting *Miller v. Gammie*, 335 F.3d 889, 897 (9th Cir. 2003) (en banc)).

B.  **Application of Legal Standard**

Here, Ishihara (in collaboration with others) determined treatment plans for MMDC participants; supervised court officers and reviewed their recommendations to the MMDC judge for imposition of court-ordered incentives and/or sanctions, which can include restrictions on MMDC participants' contact with specific individuals; and reviewed drug court programs in other states, and based on such research, recommended and implemented changes to improve the MMDC.  *See* CSF ¶¶ 4-8, ECF No. 36 at PageID #126-27; *see also* Ishihara Decl.

9

¶¶ 6, 8-12, ECF No. 36-1 at PageID #129-31. These duties involve "the exercise of discretionary judgment," and thus, are functionally comparable to those of judicial officers. *See Antoine*, 508 U.S. at 435-36; *Burton*, 753 F.3d at 960.

In addition, these tasks are clearly integral to the judicial process. *See, e.g.*, Haw. Rev. Stat. § 706-605.1 (mandating the judiciary's implementation of drug courts); *Flores v. Dept. Family Serv.*, 2020 WL 730365, at *5 (D. Del. Feb. 13, 2020) (recognizing that functions such as making recommendations to the court are integral to the judicial process); *Carlisle*, 2017 WL 2256789, at *7 (applying judicial immunity to drug court administrators for their role in the imposition of sanctions on participants); *Thorne*, 2009 WL 3733344, at *6 n.1 (applying judicial immunity to drug court administrator who acted under court's direction); *Harris v. United States*, 2019 WL 7834813, at *6 (C.D Cal. Nov. 1, 2019) ("[P]robation officers are entitled to immunity in preparing and submitting reports to the court.") (citing cases); *Colliton v. Bunt*, 2016 WL 7443171, at *8 n.11 (S.D.N.Y. Dec. 27, 2016) (applying quasi-judicial immunity to social worker for claims arising from her recommendation to state court that defendant undergo specific treatment), *aff'd*, 709 F. App'x 82 (2d Cir. 2018).

Plaintiff objects to applying quasi-judicial immunity, contending that "[c]ontact with prisoners is not a part of the judicial process[,] [it's] rehabilitive

(sic) in nature." ECF No. 39 at PageID #144. But Plaintiff's argument misses the mark. He does not dispute that Ishihara's duties involve discretion and are integral to the judicial process. Rather, he disagrees with a specific recommendation restricting contact between a MMDC participant and him.

Further, Plaintiff alleges in opposition and somewhat confusingly, that Ishihara (1) "only went and got a court ordered no contact [order] after [Plaintiff] filed suit to cover up his ilegal (sic) activity," and (2) "failed to follow his [own] policies," in that Plaintiff is "not a criminal [and does] not use drugs," thus, "there is no cause to restrict contact." *Id.* at PageID #143. Neither of these allegations raises a genuine issue of material fact.

First, Plaintiff neither identified nor produced such an order, but he may be referring to an October 29, 2018 Order Pertaining to Bail from a state criminal action against Ms. Saltiban-Lani (attached to a prior motion filed by Ishihara), which ordered her, a drug court participant, "not [to] make or attempt to make contact, directly or indirectly, with CHRISTOPHER GRINDLING . . . ." *See* ECF No. 21-3 at PageID #75. But even if so, Plaintiff filed this action on December 20, 2018, *after* the Order Pertaining to Bail was issued, and thus, Plaintiff's statement makes no sense. And by failing to provide a copy of any other order, Plaintiff's allegation is not supported by admissible evidence. *See*

Fed. R. Civ. P. 56(e)(2); LR56.1(e). Thus, this allegation fails to raise a genuine issue of material fact.

Second, Plaintiff's Opposition neither identifies a specific MMDC policy that was violated nor alleges what Ishihara did or failed to do to violate an MMDC policy. Thus, these unsupported, conclusory allegations again fail to raise a genuine issue of material fact.[3]

In sum, the court finds that the doctrine of quasi-judicial immunity applies to shield Ishihara from Plaintiff's damages claim against him in his individual capacity.

///

///

///

///

///

///

///

---

[3] Further, to the extent that Plaintiff has claimed that Ishihara acted negligently or in bad faith, such allegations do not bar the application of quasi-judicial immunity. *See Bridge Aina Le'a, LLC v. State of Hawaii Land Use Comm'n*, 125 F. Supp. 3d 1051, 1077 (D. Haw. 2015); *Gardner v. Reynolds*, 2019 WL 3503089, at *2 (W.D. Wash. June 5, 2019), *report and recommendation adopted by*, 2019 WL 3501503 (W.D. Wash. Aug. 1, 2019).

## V. CONCLUSION

Based on the foregoing, Ishihara's Motion for Summary Judgment is GRANTED. There are no remaining claims against Ishihara. The sole remaining claim in this action is a claim for damages against Taylor in her individual capacity.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 13, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Grindling v. Taylor, et al.*, Civ. No. 18-00495 JMS-RT, Order Granting Defendant Dean Ishihara's Motion for Summary Judgment, ECF No. 37